[ PHILADELPHIA, JANUARY 25TH, 1840. ]

## ╏ HORBACH *against* REESIDE.

Where a verdict has been taken at Nisi Prius, subject to the opinion of the Court on the evidence, the Court will not order judgment to be entered for the plaintiff under the xviiith rule, unless some unforeseen occurrence has taken place which has put the debt in jeopardy by an increased risk of the defendant's insolvency ; which must be specially shown by the plaintiff. The mere circumstance that the defendant's real estate is incumbered, is not sufficient, unless it be shown that the incumbrance did not exist at the time of the trial, or that the defendant is about to incumber it further.

IN this action, which was tried at the last Court of Nisi Prius for the County of Philadelphia, held by ROGERS, J., a verdict was given for the plaintiff, subject to the opinion of the Court upon the evidence.

Mr. *Meredith* now moved for leave to enter judgment on the verdict, pursuant to the following Rule of Court.

Rule XVIII, § 4. " In all cases of motions for a new trial, or of verdicts subject to the opinion of the Court, the Court may, on the report of the judge before whom the cause was tried, order judgment to be entered for the plaintiff to stand as security."

Mr. *Badger* and Mr. *C. J. Ingersoll, contra.* The verdict was given in consequence of the rejection, upon technical grounds, of a witness offered on the trial. The defendant's case was not heard. The rule of Court implies imminent danger of insolvency of the defendant, and certain merits in the plaintiff's case. The defendant in this case is the owner of large real estate near the city of Philadelphia. The action is misconceived ; and such was the intimation of the learned judge who tried the case.

Mr. *Meredith.*—The rule of Court was made to prevent the inconveniences that may happen from the plaintiff being without any security for his debt during the long interval that may elapse after verdict, and before the judgment of the Court can be given on the argument for a new trial. The defendant here may have a

(Horbach *v.* Reeside.)

large real estate, but it may be largely incumbered. The objection to the form of action is not tenable, and is at all events merely technical.

PER CURIAM.—A cautionary judgment under the rule is not of course, but for special matter disclosed by the report of the judge; and, unluckily for the plaintiff, the judge is of opinion that his cause is misconceived. That itself would be reason enough to discharge the present application, even did the cause stand on a motion for a new trial. But it stands on a verdict subject to the opinion of the Court on the evidence, which was consequently given by consent, and subject to no conditions that were not expressed. What authority have we to interpolate another? The answer is, that the rule itself, which has been made expressly applicable to such a verdict, reserves the power of disposing of contingencies which have not been provided for by the parties: but it is applicable only to contingencies; in plain terms, occurrences which could not be foreseen, and which unexpectedly put the debt in jeopardy by an increased risk of the debtor's insolvency, which, however, must be specially shown to make a case for the discretionary power of the Court. The cause shown here is that the debtor's estate is incumbered; but it appears not that it was otherwise at the trial; and, beside, nothing would be put to hazard by the want of a lien, unless he were about to incumber it farther. It is not pretended, however, that any other creditor is pressing him. A judgment is an injury to a debtor's credit which ought not to be inflicted wantonly, and before the debt has been judicially established; and no sufficient reason has been shown for it here.

Rule discharged.